James S. Floyd v. Commissioner.
Floyd v. Commissioner
Docket No. 112513.
United States Tax Court
1943 Tax Ct. Memo LEXIS 115; 2 T.C.M. (CCH) 776; T.C.M. (RIA) 43421; September 17, 1943
*115 Sidney J. Hayles, C.P.A., 831 Citizens & Southern Nat. Bank Bldg., Atlanta, Ga., for the petitioner. B. D. Hathcock, Esq., for the respondent. DISNEY
Memorandum Opinion DISNEY, Judge: This proceeding involves income taxes for the calendar years 1940 and 1941. The deficiencies were determined in the respective amounts of $405.16 and $184.27, all of which amounts the petitioner places in issue, under the general contention that the Commissioner erred in disallowing in the year 1940, the total amount of $722.23 of legal fees and fees in connection with preparation of income tax returns; and in the year 1941 in disallowing a total amount of $275 expended for the preparation of income tax returns and legal fees. From evidence adduced we find the following facts: [The Facts] Petitioner is a business executive or trader, a director in a number of corporations, a salaried officer in a number of corporations, trades in stocks and bonds, farm lands and real estate, and engages in industries which he thinks profitable. He has a great many transactions during the course of a year and keeps a set of books reflecting such transactions. He does not keep the books personally and could not *116 do so; nor could he make up a tax return from his books. During the taxable years he employed a firm of accountants to handle his tax returns, including a claim for refund of taxes for 1936, and to audit his books, for all of which, for the year 1940 he paid $709.12. The petitioner was unable to state what part of amount was paid for services in connection with the litigation over tax refund. During the year 1941 he paid out $250 for auditing, drawing off statements, making trial balances and making tax returns. He also paid out $25 in that year for drawing deeds covering a sale in connection with a real estate subdivision. During the taxable years he had a place of business in an office building in Atlanta, Georgia. From that office he conducted business in connection with 10 or 12 corporations in all of which he was a director and in some of which he was an officer. From some he received salaries and from some, director's fees. During the taxable years he received and reported on his income tax returns, salaries and dividends, some of both of which were from the companies operated out of his office. [Opinion] Petitioner urges error in the disallowance of the amounts shown *117 in the statement of facts above, on the ground that they represent either ordinary and necessary expenses allowable under section 23 (a) (1) of the Revenue Act of 1938, or non-trade or non-business expenses allowable under section 121 of the Revenue Act of 1942. The respondent, on the contrary, contends that the evidence merely shows the total amounts of the fees paid during each of the taxable years, showing no allocation between the allowable expenditures, if any, and the non-allowable expenditures; also that the evidence fails to show that the expenses were those of carrying on trade or business, but shows that petitioner had extensive investments in stocks from some of which he drew dividends, salaries and director's fees; which evidence respondent says is insufficient to establish the right to the deductions claimed. From review of the evidence adduced, we are constrained (except as hereafter stated) to sustain the respondent's contention, although it may be that the petitioner actually had some expenses which might be shown to be properly deductible. In the first place, under section 24 (a) (5) of the Internal Revenue Code[1] the deductions appear to be in part not allowable, *118 and under section 121 of the Revenue Act of 1942 [2] expenses deducted must have been incurred for the production or collection of income, or for the management, conservation or maintenance of property held for the production of income; whereas, under the evidence before us we have, with the exception of an item of $25 paid for drawing deeds covering a sale of real estate, no record as to whether the income involved in the returns and auditor's services was or was not taxable; and no allocation of the total expense to any particular service rendered And, of the service rendered in both the tax years of service for making tax returns and in the year 1940 in connection with the securing of a tax refund, the record in nowise indicates to what extent, if any, the tax returns or the expense paid in connection with the refund of taxes constitute ordinary and necessary expense for the production or collection of income, or for management, conservation or maintenance of property held for the production of income, within the meaning of section 121 of the Revenue Act of 1942. *119 The evidence as to the refund matter does not indicate whether the income obtained through the refund was taxable, the amount of any interest involved in the refund or whether the refund was connected in any way with property producing income or held for the production of income. Without such showing under section 121 of the Revenue Act of 1942, it is obvious that the expense in connection with the refund would not be allowable under the previous law, since it is well settled that in the case of an individual, expense with reference to income tax returns does not constitute a business expense. It will be noted that the expenditures in both years, with the exception of the $25 item, were for auditing petitioner's books and with reference to his income tax returns, including the refund made. If we were to assume that auditing the books was a proper expense of doing business, we would have no way of allowing the deduction, there being no means of allocating the matter of auditing books separately from the income tax matters and the refund matter. Regulations 103, section 19.23 (a)-15 (as amended by T.D. 5196, December 8, 1942) disallows the deduction *120 of expenditures of preparing tax returns not relating to property held for the production of income; also disallows expenditures for the purpose of recovering taxes other than those required to be included in income (except with reference to taxable interest recovered). The regulation appears reasonable and within the statute. Obviously the evidence here does not satisfy the regulation. The only identifiable item, $25.00 expense of drawing deeds covering a sale in connection with a real estate subdivision, appears to have a reasonable relation to production of income, under section 121 of the Revenue Act of 1942, and is allowed as a deduction. Decision will be entered under Rule 50. Footnotes
1. SEC. 24. ITEMS NOT DEDUCTIBLE. (a) General Rule. - In computing net income no deduction shall in any case be allowed in respect of - * * * * *
(5) Any amount otherwise allowable as a deduction which is allocable to one or more classes of income other than interest (whether or not any amount of income of that class or classes is received or accrued) wholly exempt from the taxes imposed by this chapter. * * * * *↩
2. SEC. 121. NON-TRADE OR NON-BUSINESS DEDUCTIONS. (a) Deductions for Expenses. - Section 23 (a) (relating to deduction for expenses) is amended to read as follows: "(a) Expenses. - * * * * *
"(2) Non-Trade or Non-Business Expenses. - In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income or for the management, conservation, or maintenance of property held for the production of income."↩